UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al., <br><br> Plaintiffs, <br><br> v. <br><br> PARSONS BEHLE & LATIMER, PLC, et al., <br><br> Defendants. | No. 2:14-cv-2544 KJM DAD PS <br><br><br> ORDER & <br> <u>FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiffs Charles Yeager and Victoria Yeager are proceeding pro se in the above entitled action. The case was referred to the undersigned pursuant to Local Rule 302(c)(21).

    This matter came before the court on March 20, 2015, for hearing of plaintiffs' motion to remand. Attorney John Zarian appeared on behalf of the defendants. Plaintiff Victoria Yeager appeared on her own behalf. No appearance was made by, or on behalf of, defendant Charles Yeager. After hearing oral argument, plaintiffs' motion was taken under submission.

    For the reasons stated below, the undersigned will recommend that plaintiffs' motion to remand be denied.

/////

/////

/////

1

BACKGROUND

Plaintiffs commenced this action on October 1, 2014, by filing a complaint in the Sacramento County Superior Court. (Dkt. No. 1-1 at 2.[1]) Plaintiffs' complaint alleges claims for professional negligence, legal malpractice, misrepresentation and breach of fiduciary duty against the defendants, who provided plaintiff Charles Yeager legal representation in previous actions. On October 30, 2014, defendants removed the matter to this court based on the court's diversity jurisdiction. (Dkt. No. 1 at 3.)

Plaintiffs' filed the motion to remand now pending before the court on December 16, 2014. (Dkt. No. 13.) Defendants filed an opposition on March 6, 2015. (Dkt. No. 27.) Plaintiffs filed a reply on March 16, 2015.[2] (Dkt. No. 29.)

ANALYSIS

According to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Also pending before the court are plaintiff Victoria Yeager's January 27, 2015, (Dkt. No. 23), June 5, 2015, (Dkt. No. 37), and June 8, 2015, (Dkt. No. 39), motions for permission to file electronically. In her January 27, 2015 motion, plaintiff Victoria Yeager represents that "she can handle [filing electronically] for all current plaintiffs." (Dkt. No. 23 at 1.) In her June 5, 2015 motion and her June 8, 2015 motion, Ms. Yeager states that "once we register for e-filing, we will receive notices and documents only by email in this case and not by regular mail." (Dkt. No. 37 at 2; Dkt. No. 39 at 2.) Plaintiff Victoria Yeager, however, was informed at the March 20, 2015 hearing of the motion to remand that she cannot file electronically on behalf of plaintiff Charles Yeager or receive service electronically on behalf of plaintiff Charles Yeager and that he would have to file his own signed motion for permission to file electronically. Accordingly, plaintiff Victoria Yeager's motions to file electronically will be denied at this time without prejudice to a renewal of such a motion filed by both plaintiffs.

2

Here, plaintiffs do not dispute that this court has original jurisdiction over this action pursuant to the parties' diversity of citizenship.  Instead, plaintiffs assert that the defendants waived their right to remove this matter to this federal court.  In this regard, plaintiffs' motion asserts that on January 19, 2011, they hired defendant John Zarian, an attorney, to represent plaintiff Charles Yeager in the matter of "General Charles E. Yeager v. Fort Knox Securities, Case No. 2:11-cv-0091 TS" ("Knox").  (Pls.' MTR (Dkt. No. 13) at 5.)  According to plaintiffs, defendant "Zarian verbally agreed the Yeagers could choose Sacramento County Superior Court of California-location, forum and venue-for a trial in the case of a dispute between Zarian and the Yeagers."  (Id.)  Plaintiffs also contend that "the Yeagers hired John Zarian to handle General Yeager's lawsuit against AT&T."  (Id. at 6.)  Plaintiffs assert that in "July [of] 2011 and [on] October 1, 2011 John Zarian agreed to allow the Yeagers to choose the Court-location, forum and venue-for a trial in the case of [a] dispute between Zarian and the Yeagers."  (Id. at 6.)  Plaintiffs argue that they have "retained" the "right to choose the Court . . . to handle disputes; by agreement on at least two different occasions . . . ."  (Id. at 8.)  In support of their motion, however, plaintiffs have merely offered the declaration of plaintiff Victoria Yeager.  (See V. Yeager Decl. (Dkt. No. 13) at 24-29.)

"Federal law governs the enforceability of forum selection clauses in cases removed on the basis of diversity jurisdiction." L'Garde, Inc. v. Raytheon Space and Airborne Systems, 805 F.Supp.2d 932, 938 (C.D. Cal. 2011) (citing Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988)).  In the Ninth Circuit, while a party may waive its right of removal, the "waiver of the right of removal must be clear and unequivocal." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994).  See also PR Group, LLC v. Windmill Intern., Ltd., --- F.3d ---, 2015 WL 4173824, at *1 (8th Cir. July 13, 2015) ("Such waiver must be clear and unequivocal."); Ensco Intern., Inc. v. Certain Underwriters at Lloyd's, 579 F.3d 442, 443 (5th Cir. 2009) ("For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right"); EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322 F.3d 635, 649 (9th Cir. 2003) ("EIEG claims that the RCC led EIEG to believe that the RCC would not remove the action, but those pre-joinder

statements were not a clear and unequivocal abandonment of the right to a federal forum"); Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193, 195 (6th Cir. 1990) ("Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal."). But see Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 (11th Cir. 1999) ("Applying ordinary contract principles to the case at hand, we readily conclude that the Guarantors have waived their right to remove.").

Here, defendants have produced copies of the "Engagement Letters" they sent to plaintiffs in connection with both the Knox and AT&T actions. Neither engagement letter reflects a waiver of defendants' right of removal. (See Defs.' Opp.'n (Dkt. No. 27-2) Ex. 1; Defs.' Opp.'n (Dkt. No. 27-3) Ex. 2.)

Plaintiffs' motion to remand also asserts that "[t]here is at least one email that refers to this agreement [to wavier right of removal] during discussions between the Yeagers and John Zarian." (Pls.' MTR (Dkt. No. 13) at 5.) In support of this assertion, plaintiffs' motion cites to an exhibit 1. The email referred to by plaintiffs is a January 19, 2011 email from plaintiff Victoria Yeager to defendant John Zarian. (Id. at 31.) In that email plaintiff Victoria Yeager simply wrote, in relevant part, that "venue re a disagreement should be in Nevada County or Sacramento County. You travel enough here that it wouldn't be a hardship for you but it would be for us to go to Idaho." (Id.) Obviously, plaintiff Victoria Yeager's email makes no specific reference to the defendants' right of removal and in no way could be interpreted as a clear and unequivocal waiver by defendants of their right to removal.

The only support for plaintiffs' argument that the defendants waived their right of removal is plaintiffs' own representation, supported only by Victoria Yeager's declaration, that defendant John Zarian verbally agreed to waive defendants' right of removal. Defendants, however, have provided the declaration of John Zarian in which he states that he "never agreed to waive any right to remove any action to federal court." (Zarian Decl. (Dkt. No. 27-1) at 3.)

In light of this showing, the undersigned cannot find that the defendants clearly and unequivocally waived their right of removal.

/////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Victoria Yeager's January 27, 2015 motion for permission to file electronically (Dkt. No. 23) is denied without prejudice;

2. Plaintiff Victoria Yeager's June 5, 2015 motion for permission to file electronically (Dkt. No. 37) is denied without prejudice; and

3. Plaintiff Victoria Yeager's June 8, 2015 motion for permission to file electronically (Dkt. No. 39) is denied without prejudice.

IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiff's December 16, 2014 motion to remand (Dkt. No. 13) be denied; and

2. Defendants be directed to file a response to plaintiffs' complaint within fourteen days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 3, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\yeager2544.remand.den.f&rs.docx