UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>PARSONS BEHLE & LATIMER, PLC, et al.,<br><br>            Defendants. | No.  2:14-cv-2544 KJM DAD PS<br><br>ORDER |

Plaintiffs, General Charles E. "Chuck" Yeager, Ret., and Victoria Yeager, his wife, are proceeding pro se in this case. The matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21).

On December 16, 2014, the Yeagers filed a joint motion to remand this case to California Superior Court. ECF No. 13. The defendants opposed the motion, ECF No. 27, and the Yeagers filed a joint reply, ECF No. 29. On August 4, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. ECF No. 43. The Yeagers filed joint objections to the findings and recommendations, ECF No. 44, and the defendants filed a response, ECF No. 46.

1

In a related case, *AT&T Mobility LLC v. Yeager, et al.*, No. 13-007 (E.D. Cal. filed Jan. 2, 2013), also pending before the undersigned, the court recently held an evidentiary hearing on the question of General Yeager's ability to proceed without counsel. *See* Minutes Sept. 14, 2015, Case No. 13-007, ECF No. 218. The court has not yet issued an order on that question; however, the court concludes it may decide the question before it in this motion because the court's order does not serve as a judgment on the merits of the parties' dispute. *Cf. Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (holding that in a non-habeas civil case, if an incompetent person is unrepresented, the court may not enter a judgment on the merits without complying with Rule 17(c)); *Nutter v. Monongahela Power Co.*, 4 F.3d 319, 322 (4th Cir. 1993) ("[A] district court's findings incident to an order of remand have no preclusive effect." (citing, *inter alia*, *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1181 (9th Cir. 1989))).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis, and adopts them in full. The court writes separately here only to address two points raised in objection to the findings and recommendations.

First, the Yeagers argue, as they did in their motion, that the defendants owed them a fiduciary duty (1) to inform them that should a dispute arise, and should they later file an action in state court, federal law could potentially allow removal of the case to federal district court, and (2) not to remove the case to federal district court should adjudication in federal court be less favorable to the Yeagers. Other than general statements of an attorney's fiduciary duty to his or her client, the Yeagers cite no authority to support these arguments, and the court is aware of none.

Second, the Yeagers argue public policy favors remand to state court. "[F]ederal courts have a 'virtually unflagging obligation' to exercise their jurisdiction except in those extraordinary circumstances 'where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813

(1976)).  The Yeagers have pointed to no circumstances that require adjudication in state courts.  Moreover, the defendants have a legitimate interest in this court's jurisdiction.  *See Lively v. Wild Oats Markets*, 456 F.3d 933 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 4, 2015 (Dkt. No. 43) are adopted in full;

2. Plaintiff's December 16, 2014 motion to remand (Dkt. No. 13) is denied; and

3. This case is STAYED pending the issuance of an order in the related case, No. 13-0007, on the question of General Yeager's competency to proceed without representation.

DATED:  September 24, 2015.

_____
UNITED STATES DISTRICT JUDGE