UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. YEAGER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PARSONS BEHLE & LATIMER, et al.,<br><br>Defendants. | Case No. 2:14-cv-02544-KJM-DB<br><br><br>ORDER |

On January 15, 2019, the court issued a minute order directing the parties to respond within seven days as to whether they oppose "substitut[ing] Victoria Yeager in the 'shoes' of General Yeager in this matter," noting the court had so substituted Victoria Yeager in a related case, 2:13-cv-0007-KJM-DB ("related case"). ECF No. 60. Defendants Parson Behle & Latimer, John Zarian, Kennedy Luvai and Midgley Zarian filed a statement of non-opposition, "based upon their express understanding that the substitution . . . shall proceed and have the same effect as the substitution in the Related Action where . . . 'the court expressly bound Mrs. Yeager to General Yeager's prior decisions and filings.'" ECF No. 61 at 1-2 (quoting Related Case, ECF No. 357 at 4). When the court's seven-day deadline passed without a response from Mrs. Yeager, on January 25, 2019, the court issued another minute order substituting Mrs. Yeager and noting that "[b]y substituting Ms. Yeager and granting her the right to step into General Yeager's 'shoes' for all

1

remaining purposes, the court expressly binds Mrs. Yeager to General Yeager's prior decisions and filings." ECF No. 62.[1]

Three days later, on January 28, 2019, Mrs. Yeager filed a response to the court's initial January 15, 2019 minute order. Response, ECF No. 63. Because Mrs. Yeager explains she received the court's initial minute order too late to respond within the seven-day deadline, the court considers her filing. *See id.* at 1. Further, upon review of Mrs. Yeager's response, the court VACATES its minute order at ECF No. 62 and provides the following points of clarification, issuing a new order as set forth below.

First, although Mrs. Yeager opposes substitution and dismissal because "in California, a [guardian ad litem], in order to be appointed, must have a lawyer," the court is not appointing Mrs. Yeager as General Yeager's guardian ad litem. *See* Response at 2. Second, while Mrs. Yeager expresses concern that "General Yeager's interests [may not] be covered by the joint issues" shared by General and Mrs. Yeager, Mrs. Yeager does not identify any conflict, potential or actual, with General Yeager. *See id.* Moreover, the court substituted Mrs. Yeager for General Yeager and dismissed General Yeager in the related case on December 2, 2016, and Mrs. Yeager has never identified any conflict or attempted to withdraw there. *See* Related Case, ECF No. 306. Third, Mrs. Yeager is concerned a "reviewing court may construe the dismissal or substitution as a waiver, lack of standing, estoppel, and/or other such harmful positions that arise from that substitution and/or dismissal," but she provides no basis for this concern. *See* Response at 2. In the related case, the court expressly held its substitution and dismissal order "shall not be construed as a waiver of any rights or create an estoppel or impediment to General or Mrs. Yeager's rights, if any, to the interpleaded funds at issue in this matter, or to prosecute or defend any claim to the interpleaded funds." Related Case, ECF No. 306 at 2. The court can and will impose the same provision here. Finally, to the extent Mrs. Yeager is concerned "another [party [may] file[] an opposition or motion using Victoria Yeager's lack of standing, estoppel or waiver as a defense or offense," the court can and will adopt language, as it did in the related case, noting the court retains

---

[1] In its minute order, the court inadvertently referred to Mrs. Yeager as "Intervenor."

jurisdiction to withdraw General Yeager's dismissal if necessary to protect his or Mrs. Yeager's rights. *See* Response at 2-3; Related Case, ECF No. 306.

With these clarifications, the court ORDERS as follows:

1. Victoria Yeager is substituted for General Charles E. "Chuck" Yeager (Ret.) for all purposes in the above-entitled matter, with the result that she steps into General Yeager's shoes from the date of this order forward. *See Summit Canyon Res., LLC v. Barker*, No. 215CV2167JADGWF, 2016 WL 740420, at *2 (D. Nev. Feb. 23, 2016) (internal quotation marks, footnotes, and alterations omitted) (quoting *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000)) (substituted defendant bound by substituted-for defendant's prior decision).

2. General Yeager is dismissed without prejudice, but this court retains jurisdiction to withdraw the dismissal should General Yeager's presence in the matter be necessary to protect the rights of General or Mrs. Yeager.

3. The substitution and dismissal ordered above shall not be construed as a waiver of any rights or create an estoppel or impediment to General or Mrs. Yeager's rights in this matter.

4. In light of the parties' joint statement indicating their interest in attending a settlement conference, ECF No. 66, this matter is set for Settlement Conference on **4/23/2019** at **9:00 AM** in Courtroom 25 before Magistrate Judge Kendall J. Newman. The parties are instructed to have a principal with full settlement authority present for the settlement conference or to be fully authorized to settle the matter on any terms. The individual with full settlement authority to settle must also have unfettered discretion and authority to change the settlement position of the party, if appropriate. The purpose behind requiring attendance of a person with full settlement authority is that the parties view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. The parties are directed to exchange non-confidential settlement conference statements seven days prior to the settlement conference. These statements shall be simultaneously delivered to the court using the following email address: kjnorders@caed.uscourts.gov. These statements should not be filed on the case docket. If a party

3

desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

IT IS SO ORDERED.

DATED: March 11, 2019.

_____
UNITED STATES DISTRICT JUDGE